Cruz H. Turcott, OSB No. 165531
cturcott@bpmlaw.com
Betts, Patterson & Mines, P.S.
111 SW 5th Avenue, Suite 3650
Portland, OR 97204
Telephone: (503) 961-6338
   *Of Attorneys for Plaintiff BMO Harris Bank N.A.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BMO HARRIS BANK N.A.**,<br><br>         **Plaintiff,**<br>v.<br><br>**M BROTHERS TRANSPORT LLC**, an Oregon limited liability company, and **EMIL MAFTEI a/k/a EMIL MAFTEY**, an individual resident of the State of Oregon,<br><br>         **Defendants.** | Case No. 3:23-cv-1221<br><br>**PLAINTIFF'S RESPONSE TO MARCH 26, 2024, ORDER TO SHOW CAUSE** |

      Plaintiff, BMO Bank N.A. f/k/a BMO Harris Bank N.A.[1] ("Plaintiff"), by and through counsel, hereby files Plaintiff's Response to the March 26, 2024 Order to Show Cause, and states as follows:

      Plaintiff acknowledges the Court's concerns over the limited duration of the relief sought by its pending Motion for Claim and Delivery and Preliminary Injunction (the "Motion") and shares the Court's concerns over the efficient application of resources. Plaintiff also appreciates

---

[1] Effective September 3, 2023, Plaintiff adopted amended articles of association pursuant to which its corporate title was changed from "BMO Harris Bank National Association" to "BMO Bank National Association." (Oliver Dec. FN 1)

its history of obtaining default judgments in this and other Districts. However, Plaintiff respectfully requests that the Court enter the preliminary injunction sought by its pending Motion.

Plaintiff believes that the preliminary injunction prayed for in its Motion is the most effective and efficient way for it to recover its Collateral[2] and mitigate its damages. Defendants have knowledge of this lawsuit, and much like their obligation under the Uniform Commercial Code and the express terms of the Agreements to surrender the Collateral upon default, Defendants have chosen to ignore this litigation. In the meantime, Defendants continue to utilize the Collateral in the operation of their business, retaining any and all proceeds therefrom without remitting the amounts due and owing to Plaintiff under their Agreements. Defendants have not made payment to Plaintiff in over a year.

Plaintiff has been attempting to recover its Collateral without judicial intervention for over eight months. Subsequent to the commencement of this litigation, Plaintiff was able to recover a single unit of the Collateral only through the cooperation of a disgruntled ex-employee of Borrower, who had possession thereof. When Plaintiff's representative was able to make contact with Guarantor during this period, Guarantor represented that he would call back with the location of the three unrecovered units. Guarantor, however, never contacted Plaintiff with the location of the units and has not responded to numerous voicemails and text messages left for him by Plaintiff. In short, Guarantor has refused to cooperate with Plaintiff's ongoing repossession efforts. As set forth in Paragraph 36 of the Declaration of Whitney Oliver filed in support of the Motion, during a telephone conversation on October 27, 2023, Guarantor acknowledged the defaults under the Agreements but represented to Plaintiff that Defendants do not have the funds to cure, or even

---

[2] Capitalized terms not otherwise defined herein have the same meaning as in the Motion.

significantly reduce, the delinquency under the Agreements. Without the proposed injunctive relief, Plaintiff is without remedy to recover its Collateral and mitigate its damages.

Defendants' refusal to participate in this litigation, to date, does open the possibility of a permanent injunction through default judgment. Nevertheless, a preliminary injunction and order for possession, 14-day stay notwithstanding, would allow for Plaintiff to more quickly exercise its right to possession, get such order into the hands of the proper authorities, recover the Collateral, and commence mitigation efforts. Time is of the essence in Plaintiff's recovery of the Collateral, which continues to depreciate with use and the passage of time, and which is subject to negative market forces currently reducing the amount recoverable from used commercial transportation equipment in general.

Plaintiff is mindful of judicial resources, which would be conserved if Defendants participated in this case. If, as Plaintiff expects, Defendants continue to evade Plaintiff's efforts to recover the Collateral, Plaintiff will need to return to this Court to enforce a permanent injunction, just as it would have to return to this Court to enforce a preliminary injunction, which would ultimately result in the same consumption of judicial resources. An injunction or rule to show cause may finally prompt Defendants to appear, and if entered prior to default judgment, would avoid the inevitable motion to vacate.[3] Further, Plaintiff anticipates that it will come before this Court again with a motion for default judgment or summary judgment, and if the issue of possession of the Collateral can be resolved during the pendency of this case, final judgment may consist only of a sum certain deficiency, resulting in a much simplified final order.

---

[3] Plaintiff will post a bond if required by the court to protect Borrower's interest in the Collateral with respect to any relief granted on a preliminary basis.

HB: 4854-2446-8149.3

Plaintiff will, of course, comply with any order to file a motion for default judgment, but believes at this time that Plaintiff's best option to mitigate its damages is the expeditious recovery of the Collateral through preliminary relief as requested in the pending Motion.

WHEREFORE, Plaintiff prays that this Court grant the order for possession and preliminary injunction sought by Plaintiff through its pending Motion, and such other relief as is just.

Dated: April 10, 2024.

BETTS, PATTERSON & MINES, P.S.

By: */s/ Cruz Turcott*
Cruz Turcott, OSB No. 165531
Email: cturcott@bpmlaw.com
Tel: (503) 961-6338
Fax: (503) 961-6339
*Of Attorneys for Plaintiff BMO Harris Bank N.A.*

HB: 4854-2446-8149.3

## CERTIFICATE OF SERVICE

      I hereby certify that on the 10th day of April, 2024, I served the foregoing **PLAINTIFF'S RESPONSE TO MARCH 26, 2024, ORDER TO SHOW CAUSE** on:

| | |
|---|---|
| Emil Maftey<br>M Brothers Transport LLC<br>20151 SE Hwy 212<br>Boring, OR 97009<br>Email:  emil@mbrotherstransport.com | Emil Maftey<br>M Brothers Transport LLC<br>4061 SW Brixton Ave.<br>Gresham, OR 97080<br>Email:  emil@mbrotherstransport.com |

      by the following indicated method or methods:

____    by electronic means through the Court's Case Management/Electronic Case File system on the date set forth above.

**XX**    by mailing a full, true and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the attorney as shown above, the last-known office address of the attorney, and deposited with the United States Postal Service at Portland, Oregon on the date set forth above.

____    by causing a full, true and correct copy thereof to be hand-delivered to the attorney at the attorney's last-known office address listed above on the date set forth above.

____    by faxing a full, true and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office, on the date set forth below.  The receiving fax machine was operating at the time of service and the transmission was properly completed, according to the attached confirmation report.

                                                                         BETTS, PATTERSON & MINES, P.S.


                                                         By: */s/  Cruz Turcott*
                                                             Cruz Turcott, OSB No. 165531
                                                             Email:  cturcott@bpmlaw.com
                                                             Tel:  (503) 961-6338
                                                             Fax:  (503) 961-6339
                                                             *Of Attorneys for Plaintiff BMO Harris Bank N.A.*