IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BMO HARRIS BANK N.A., | Case No. 3:23-cv-01221-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| M BROTHERS TRANSPORTATION LLC and EMIL MAFTEI, | |
| Defendants. | |

**HERNÁNDEZ, District Judge:**

Plaintiff BMO Harris Bank N.A. ("Plaintiff") alleges claims for breach of contract, claim and delivery, specific performance, and injunctive relief against Defendants M Brothers Transportation LLC ("M Brothers Transportation") and Emil Maftei ("Maftei") (together, "Defendants"). Now before the Court is Plaintiff's motion for claim and delivery and a preliminary injunction (ECF No. 7).

The Court has personal jurisdiction over Defendants because M Brothers Transportation is an Oregon limited liability corporation with its principal place of business in Oregon and Maftei is a resident and citizen of Oregon. (*See* Compl. ¶¶ 7-8, ECF No. 1); *see Daimler AG v.*

PAGE 1 – OPINION AND ORDER

*Bauman*, 571 U.S. 117, 137 (2014) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home. With respect to a corporation, the place of incorporation and principal place of business are paradigm . . . bases for general jurisdiction.") (simplified). The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. For the reasons that follow, the Court grants Plaintiff's motion for claim and delivery and for a preliminary injunction.

## BACKGROUND

Defendant M Brothers Transportation is an Oregon limited liability company, and Defendant Maftei is the company's sole member. (Compl. ¶ 7.) M Brothers Transportation entered into three loan and security agreements with Plaintiff, a national banking association. (*Id.* ¶¶ 6, 9-11.) Maftei served as the guarantor of the agreements. (*Id.* ¶ 8.) Pursuant to the agreements, M Brothers Transportation granted Plaintiff a first-priority security interest in collateral equipment: two trailers and two tractors. (*Id.* ¶ 12.)

In March 2023, M Brothers Transportation defaulted on the first two agreements, and in April 2023, M Brothers Transportation defaulted on the third agreement. (*Id.* ¶ 17.) M Brothers Transportation has failed to make subsequent payments. (*Id.*) Maftei, the guarantor, also defaulted on payment. (*Id.* ¶ 18.) In response, Plaintiff accelerated the amounts owed under the agreements in July 2023. (*Id.* ¶ 20.) According to Plaintiff, as of August 2023, Defendants owed $277,022.56. (*Id.* ¶ 26.)

Pursuant to the agreements, if M Brothers Transportation defaults, it is obligated to return the collateral to any location that Plaintiff directs at M Brothers Transportation's expense, Plaintiff is entitled to take possession of the collateral, and Plaintiff may direct M Brothers

Transportation to remove the collateral to a place deemed convenient by Plaintiff. (*Id.* ¶¶ 27, 55-56.) Plaintiff alleges that, despite demands, Defendants failed to pay the amounts due and to return the collateral equipment to Plaintiff. (*Id.* ¶¶ 30-31.) After filing the complaint, Plaintiff recovered the collateral associated with the third agreement. (Decl. Whitney Oliver Supp. Pl.'s Mot. Prelim. Inj. ("Oliver Decl.") ¶ 13, ECF No. 8.) Plaintiff recovered the tractor in Michigan. (*Id.*) The other three units of collateral—two trailers and a Freightliner Cascadia-Series tractor—remain unrecovered. (*Id.*)

Plaintiff alleges claims for breach of contract, claim and delivery, specific performance, and injunctive relief. (Compl. at 6-11.) Before the Court is Plaintiff's motion for claim and delivery and a preliminary injunction. (*See generally* Pl.'s Mot. Prelim. Inj. ("Pl.'s Mot."), ECF No. 7.) Plaintiff has served Defendants with a copy of the complaint in this matter and with this Court's order that Defendants shall file a response to Plaintiff's motion. (*See* ECF Nos. 5-6, 11.) Defendants have not appeared nor filed a response to Plaintiff's motion.

In the interest of judicial economy, the Court ordered Plaintiff to show cause why the Court should not defer ruling on the motion for a preliminary injunction pending a motion for entry of default judgment. (ECF No. 12.) Plaintiff responded that a preliminary injunction is the most effective and efficient way for it to recover its collateral. (Pl.'s Resp. Order Show Cause ("Pl.'s OSC Resp.") at 2, ECF No. 13.)

## DISCUSSION

Plaintiff seeks an order requiring M Brothers Transportation to surrender the collateral or requiring M Brothers Transportation to inform Plaintiff of the location of the collateral so Plaintiff may recover the units and an order directing M Brothers Transportation to refrain from interfering in Plaintiff's recovery of the collateral. (Pl.'s Mot. at 2.) Plaintiff seeks preliminary

PAGE 3 – OPINION AND ORDER

relief pursuant to Federal Rules of Civil Procedure ("Rules") 64 and 65, Oregon Rules of Civil Procedure ("Oregon Rules") 83 and 85, and 28 U.S.C. § 1652.[1]

## I. FEDERAL RULE OF CIVIL PROCEDURE 64

### A. Applicable Law

"Rule[] 64 gives district courts the general equitable power to order the seizure of assets at the commencement of and during the course of an action for the purpose of securing 'satisfaction of the potential judgment.'" *MAG Aerospace Indus., LLC v. Precise Aerospace Mfg., Inc.*, No. 5:18-cv-01096-RGK-JC, 2018 WL 6074596, at *2 (C.D. Cal. July 18, 2018) (quoting *VFS Financing, Inc. v. CHF Express, LLC*, 620 F. Supp. 2d 1092, 1094-95 (C.D. Cal. 2009)); *see also* FED. R. CIV. P. 64(a) ("At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."). "The rule is a means of protecting plaintiffs against risks such as the defendant's money disappearing before the plaintiffs win[] their judgment." *Labertew v. Langemeier*, 846 F.3d 1028, 1034 (9th Cir. 2017). "The effect of Rule 64 is to incorporate state law to determine the availability of prejudgment remedies for the seizure of property to secure satisfaction of a judgment ultimately entered." *MAG Aerospace Indus., LLC*, 2018 WL 6074596, at *2 (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 436 n.10 (1974)).

///

---

[1] 28 U.S.C. § 1652 provides that "[t]he laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."

Oregon Rule 85 governs claim and delivery under state law, and Oregon Rule 83 governs provisional process, including for claim and delivery. "In an action to recover the possession of personal property, the plaintiff, at any time after the action is commenced and before judgment, may claim the immediate delivery of such property, as provided in Rule 83." OR. R. CIV. P. 85 A. "[A] claim and delivery action pursuant to [Oregon Rule] 85" enables a plaintiff "to obtain possession of [the plaintiff's] alleged property." *Vantz v. Abbett*, 725 P.2d 941, 941 (Or. Ct. App. 1986).

Oregon Rule 83 establishes the following requirements for provisional process:

> To obtain an order for issuance of provisional process the plaintiff shall cause to be filed with the clerk of the court from which such process is sought a sworn petition and any necessary supplementary affidavits or declarations requesting specific provisional process and showing, to the best knowledge, information, and belief of the plaintiff, affiant or declarant that the action is one in which provisional process may issue, and:
>
> A(1) The name and residence or place of business of the defendant;
>
> A(2) Whether the underlying claim is based on a consumer transaction and whether provisional process in a consumer good is sought;
>
> A(3)(a) If the provisional process sought is claim and delivery, a description of the claimed property in particularity sufficient to make possible its identification, and the plaintiff's estimate of the value and location of the property;
>
> A(3)(b) If the provisional process sought is a restraining order, a statement of the particular acts sought to be restrained;
>
> A(4) Whether the plaintiff's claim to provisional process is based upon ownership, entitlement to possession, a security interest or otherwise;
>
> A(5) A copy or verbatim recital of any writing or portion of a writing, if plaintiff relies upon a writing, which evidences the origin or source of the plaintiff's claim to provisional process;

> A(6) Whether the claimed property is wrongfully detained by the defendant or another person;
>
> A(7) Whether the claimed property has been taken by public authority for a tax, assessment, or fine;
>
> A(8) If the plaintiff claims that the defendant has waived the right to be heard, a copy of the writing evidencing such waiver and a statement of when and in what manner the waiver occurred;
>
> A(9) Facts, if any, which tend to establish that there is a substantial danger that the defendant or another person is engaging in, or is about to engage in, conduct which would place the claimed property in danger of destruction, serious harm, concealment, removal from this state, or transfer to an innocent purchaser;
>
> A(10) Facts, if any, which tend to establish that without restraint immediate and irreparable injury, damage, or loss will occur;
>
> A(11) Facts, if any, which tend to establish that there is substantial danger that the defendant or another person probably would not comply with a temporary restraining order; and
>
> A(12) That there is no reasonable probability that the defendant can establish a successful defense to the underlying claim.

OR. R. CIV. P. 83 A. "[I]f the court finds that . . . the defendant . . . is engaging in, or is about to engage in, conduct which would place the claimed property in danger of destruction, serious harm, concealment, removal from this state, or transfer to an innocent purchaser or that the defendant or other person in possession or control of the claimed property would not comply with a temporary restraining order, and if Rule 82 A has been complied with, the court shall order issuance of provisional process in property which probably would be the subject of such destruction, harm, concealment, removal, transfer, or violation." OR. R. CIV. P. 83 D.[2] An order

---

[2] The requirements of Rule 82 A of the Oregon Rules of Civil Procedure include that "[n]o restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs, damages,

PAGE 6 – OPINION AND ORDER

of provisional process pursuant to Rule 83 "may require the sheriff of the county where the property claimed may be to take the property from the defendant or another person and deliver it to the plaintiff." OR. R. CIV. P. 85 B.

### B. Analysis

The Court concludes that Plaintiff has satisfied the requirements for provisional process. Plaintiff has filed a motion with an accompanying declaration. (*See generally* Oliver Decl.) Oliver declares, on information and belief, that this is an action in which provisional process may issue. (*Id.* ¶ 7.) Oliver testifies to M Brothers Transportation's name and place of business—4061 SW Brixton Avenue, Gresham, Oregon (*id.* ¶¶ 3, 14); that Plaintiff bases its underlying claim on a commercial transaction, not a consumer transaction (*id.* ¶ 15); that Plaintiff's claim to provisional process is based upon a security interest (*id.* ¶ 11); that M Brothers Transportation is wrongfully detaining the claimed property (*id.* ¶ 30); and that the claimed property has not been taken by public authority for a tax, assessment, or fine (*id.* ¶ 16). Plaintiff does not claim that Defendants have waived their right to be heard. Plaintiff has described the claimed property, its possible location, and its approximate value with sufficient particularity (*id.* ¶¶ 11, 14, 17, listing the year, make, model, description, and vehicle identification numbers and estimating the value to be approximately $155,575), and Plaintiff has attached a copy of the writing on which Plaintiff relies for its provisional process claim (*see id.* Ex. 1). Oliver declares that M Brothers Transportation is a transportation, warehousing, and logistics company, and that M Brothers Transportation continues to utilize the collateral to carry goods throughout the United States "and perhaps beyond." (*Id.* ¶¶ 31-32.) For example, Plaintiff located one unit of collateral in

---

and attorney fees as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." OR. R. CIV. P. 82 A(1)(a).

PAGE 7 – OPINION AND ORDER

Michigan. (*Id.* ¶ 13.) Further, there is no reasonable probability that M Brothers Transportation can establish a successful defense to the underlying claim. (*See id.* ¶ 36.)

Based on Defendants' failure to return the collateral to date, the nature of Defendants' business, and the location of one unit of collateral in Michigan, the Court finds that Defendants are engaging in conduct which would place the three units of unrecovered collateral in danger of concealment or removal from Oregon. *See* OR. R. CIV. P. 83 D. Accordingly, the Court grants Plaintiff's motion for claim and delivery pursuant to Oregon Rule 83 D. *See 1st Source Bank v. VAC 139, LLC*, No. 3:13-cv-00418-KI, 2014 WL 104972, at *1 (D. Or. Jan. 9, 2014) (granting a motion for provisional process under Oregon Rules 83 and 85 as incorporated by Rule 64).

## II.    PRELIMINARY INJUNCTION

Separately, Plaintiff requests a preliminary injunction enjoining Defendants from using the collateral, requiring Defendants to notify Plaintiff of the location of the collateral, and requiring M Brothers Transportation to surrender possession of the collateral. (Pl.'s Mot. at 3.)

### A.    Applicable Law

"A plaintiff seeking a preliminary injunction must establish that [the plaintiff] is likely to succeed on the merits, that [the plaintiff] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [the plaintiff's] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008) (citations omitted). Preliminary injunctive relief is an "extraordinary remedy." *Cal. by & through Becerra v. Azar*, 950 F.3d 1067, 1105 (9th Cir. 2020) (citing *Winter*, 555 U.S. at 22). "[S]peculative injury" is not enough. *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1022 (9th Cir. 2016) (quoting *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988)). "A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a

plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Id.* (quoting *Caribbean Marine*, 844 F.2d at 674). "A mandatory injunction orders a responsible party to take action, while a prohibitory injunction prohibits a party from taking action and preserves the status quo pending a determination of the action on the merits." *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1060 (9th Cir. 2014) (simplified).[3]

### B. Analysis

The Court concludes that Plaintiff satisfies the standard for preliminary injunctive relief here. *See 1st Source Bank*, 2014 WL 104972, at *2 ("Even if state law did not provide the remedy [Plaintiff] seeks, the Court would grant it relief under Federal Rule of Civil Procedure 65.").

First, Plaintiff is likely to succeed on the merits of its claim. *See Ohio Cas. Ins. Co. v. Campbell's Siding & Windows*, No. 1:15-cv-00255-EJL, 2015 WL 6758137, at *2 (D. Idaho Nov. 4, 2015) ("[T]he Court finds that [the plaintiff] has shown a likelihood of success on the merits of their claims based on the terms of the Indemnity Agreement and the allegations in the Complaint."). Further, the balance of the equities and the public interest weigh in favor of a preliminary injunction. *See Blizzard Entm't Inc. v. Ceiling Fan Software LLC*, 28 F. Supp. 3d 1006, 1018-19 (C.D. Cal. 2013) ("[T]he public interest is served by parties[] performing as promised under their contracts."); *Ohio Cas. Ins. Co.*, 2015 WL 6758137, at *2 ("The Court also finds the balance of equities tips in [the plaintiff]'s favor and that an injunction would be in the public's interest. These elements both favor upholding the terms of a written contract.").

---

[3] Under Rule 65, "[t]he court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully . . . restrained." FED. R. CIV. P. 65(c).

Finally, Plaintiff is likely to suffer irreparable harm absent preliminary injunctive relief. Defendants are aware of this litigation but have not appeared and have refused to return the collateral. (Oliver Decl. ¶ 27.) Plaintiff has already located one unit of collateral outside of Oregon, and Defendants have refused to disclose the location of the other collateral. (*Id.* ¶ 13; *see also* Pl.'s OSC Resp. at 2.) Plaintiff has demonstrated that Defendants continue to use the collateral as its value depreciates, and Plaintiff is concerned about further depreciation in value. (*See* Oliver Decl. ¶¶ 13, 31-32; Pl.'s Mot. at 3-4, 12.) Further, as of October 2023, Maftei represented that he did not have sufficient resources to cure the delinquency or make a significant cash payment to reduce the delinquency. (Oliver Decl. ¶ 36.) Accordingly, the Court finds that Plaintiff is likely to suffer irreparable harm. *See 1st Source Bank*, 2014 WL 104972, at *2 (concluding that the plaintiff was entitled to a mandatory preliminary injunction where the plaintiff had valid concerns about deterioration of the collateral and the defendants' financial circumstances).

For these reasons, the Court grants Plaintiff's motion for a preliminary injunction. *See id.* ("I find the bank is entitled to a mandatory preliminary injunction requiring defendants to . . . deliver the [collateral] to a place designated by the Bank that is reasonably convenient to both parties.").

## CONCLUSION

For the reasons stated, the Court GRANTS Plaintiff's motion for claim and delivery and a preliminary injunction (ECF No. 7) as follows:

The Court hereby provisionally finds that:

1. This is an action in which provisional process may issue;

///

2. M Brothers Transportation is in default under the Agreements, as that term is defined in the Verified Complaint;

3. The Agreements entitle Plaintiff to repossess and remove the Collateral (as defined in the Verified Complaint) in the event of a default by M Brothers Transportation;

4. Plaintiff has established a prima facie case to superior right to possession of the following items of Collateral in the possession or control of M Brothers Transportation:

| Agreement | Year | Make | Model | Desc. | VIN |
|---|---|---|---|---|---|
| First | 2020 | Utility | Reefer Van | Trailer | 1UYVS2530L2992312 |
| First | 2020 | Utility | Reefer Van | Trailer | 1UYVS2532L2992313 |
| Second | 2020 | Freightliner | Cascadia-Series | Tractor | 3AKJHHDR1LSMH0943 |
| Third | 2020 | Freightliner | PTY126SLP | Tractor | 3AKJHHDR0LSME1269 |

5. Plaintiff has demonstrated to the Court the probability that it will ultimately prevail on the underlying claim to possession;

6. The Collateral consists of mobile equipment, the locations of which may be constantly changing and accordingly, an order of seizure, absent the requested injunctive relief, may not be an adequate remedy at law;

7. The inability of M Brothers Transportation to satisfy its arrearages to Plaintiff and the extent of the default to Plaintiff indicate that M Brothers Transportation likely will be unable to pay any substantial money judgment entered against it;

8. Plaintiff will suffer irreparable injury for which no adequate remedy at law exists unless M Brothers Transportation and other persons having knowledge of this injunction are: (a) enjoined from continuing to use the Collateral in their business operations or in any other way; (b) required to immediately advise Plaintiff of the precise location of the Collateral; and (c) ordered to promptly surrender the Collateral to Plaintiff.

PAGE 11 – OPINION AND ORDER

Based on these provisional findings, the Court hereby ORDERS that:

A) M Brothers Transportation and any of its responsible managing agents, officers, directors, or employees (acting within the scope of their office or employment), including Emil Maftei a/k/a Emil Maftey, and any other person or entity in active concert or participation with M Brothers Transportation having actual notice of this Preliminary Injunction by personal service or otherwise, are hereby enjoined and restrained as follows:

   i. from transporting, using, pledging, encumbering, selling, transferring, or disposing of the Collateral either in the operation of the business of M Brothers Transportation or otherwise, except as may be necessary to move or transport the Collateral in order to comply with this Order; and

   ii. from restricting, limiting, or conditioning either the access of Plaintiff to the Collateral, or Plaintiff's ability to take possession of the Collateral.

B) M Brothers Transportation and any of its responsible managing agents, officers, directors, or employees (acting within the scope of his or her office or employment), including Emil Maftei a/k/a Emil Maftey, and any other person or entity in active concert or participation with M Brothers Transportation having actual notice of this Preliminary Injunction by personal service or otherwise, are hereby required to:

   i. contact Plaintiff's representative, as set forth in paragraph D below, by the end of the next business day after receiving notice of this Order and disclose the precise location of each and every item of Collateral; and by the end of the second business day after receiving notice of this Preliminary Injunction, surrender the Collateral in its possession, custody, or control to Plaintiff at one or more locations to be designated by Plaintiff's representative and take all actions necessary to allow Plaintiff to obtain access

to and possession of the Collateral, including terminating subleases, if any, and obtaining the Collateral from any third parties who may have possession, custody, or control over the Collateral, including but not limited to third party sub-lessors.

C) M Brothers Transportation shall immediately notify all of its responsible managing agents, officers, directors, and employees, including Emil Maftei a/k/a Emil Maftey, of the entry of this Preliminary Injunction and the terms thereof.

D) Plaintiff's representative for purposes of this Order is:

Whitney Oliver
Phone: 319-832-3547
E-mail address: Whitney.Oliver@bmo.com

E) Upon the filing by Plaintiff of a bond in the amount of $155,575.00 approved by the Court and conditioned for the return of the Collateral to M Brothers Transportation, if a return be adjudged, the U.S. Marshal, or any duly authorized representative(s) of the same, is directed to seize the Collateral by any and all legal means. If the Collateral, or any of it, is concealed in a building or elsewhere, and a demand made by the Marshal and/or its representative(s) for its delivery is refused or there is no response, then the Marshal shall cause the building or other enclosure to be broken open and shall take the Collateral therefrom, or, alternatively, shall secure the building or other enclosure by any reasonable means including, without limitation, changing the locks of the building or other enclosure.

F) M Brothers Transportation may regain possession of the Collateral seized by the Marshal and/or its representative(s), upon the filing of a bond in the amount of $155,575.00 approved by the Court and filed with this Court no later than fourteen (14) days following the day of the seizure, on the condition that the Collateral shall be delivered to Plaintiff, if delivery be adjudged, and for the payment to Plaintiff of any sum adjudged against M Brothers

PAGE 13 – OPINION AND ORDER

Transportation. The cost of regaining possession of the Collateral from Plaintiff shall be borne by M Brothers Transportation. If this bond is not filed by M Brothers Transportation by the time stated above or Plaintiff acquires possession of any items of Collateral other than through Paragraph E of this Order, then Plaintiff shall be free to dispose of said Collateral seized by any lawful means. If a bond is filed by M Brothers Transportation within the time limit set forth above, then a hearing shall be held as soon as practicable before this Court. The hearing shall be for the purpose of determining whether Plaintiff has a right to possession of the Collateral, and, if so, the value of the Collateral to which it has a right.

**IT IS SO ORDERED.**

DATED: \_\_\_\_\_May 2, 2024\_\_\_\_\_.

_____
MARCO A. HERNÁNDEZ
United States District Judge