IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BMO HARRIS BANK N.A.,

    Plaintiff,

v.

M BROTHERS TRANSPORT, LLC, an Oregon limited liability company, and EMIL MAFTEI, also known as EMIL MAFTEY,

    Defendants.

No. 3:23-CV-01221-SB

ORDER

**BAGGIO, District Judge:**

## I. INTRODUCTION

On December 20, 2024, Magistrate Judge Stacie F. Beckerman issued her Findings and Recommendation ("F&R") (ECF 24), recommending that the Court find Defendants M Brothers Transport LLC and Emil Maftei, aka Emil Maftey (collectively, "Defendants") in contempt of court and exercise its discretion to determine and impose a daily fine separately on each Defendant to coerce their compliance with the injunction issued on May 2, 2024. Judge Beckerman also recommended that the Court award Plaintiff its reasonable attorney's fees and costs incurred to seek Defendants' compliance with the injunction. Neither party objected.

1 – OPINION AND ORDER

## II. DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. 28 U.S.C. §§ 636(b)(1)(B), (C). If a party objects, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made." *Id.* § 636(b)(1)(C). The court is not, however, required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). While the level of scrutiny that the court applies to its F&R review depends on whether a party has filed objections, the court is free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C); *see also Thomas*, 474 U.S. at 154.

## III. CONCLUSION

Upon review, the Court agrees with Judge Beckerman's recommendation and ADOPTS the F&R (ECF 24) in full. The Court finds Defendants in contempt of court and exercises its discretion to impose the following separate, daily fines upon Defendants M Brothers Transportation and Maftei to coerce compliance with the May 2024 injunction.

Considering the "character and magnitude of the harm threated by continued contumacy" along with the efficacy of the fine, the Court fines M Brothers Transportation $500 per day to begin on the date that this order is filed and to end on the date of compliance with the Court's May 2024 injunction. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947). Relying on the same factors, the Court fines Maftei $200 per day to begin on the date that this order is filed and to end on the date of compliance with the Court's May 2024 injunction. *See id.* Because the daily fines are coercive, not compensatory, they are payable to the United States District Court for

the District of Oregon. *See Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986).

The Court awards Plaintiff its reasonable attorney's fees and costs incurred to seek Defendants' compliance with the injunction. Within 20 days from the date this order is filed, Plaintiff must file separate motion for attorney's fees and costs along with a supporting declaration that breaks down in table format the hours and fees incurred by all relevant billing professionals. Finally, Plaintiff is ordered to file a notice within 10 days of Defendants' compliance with the May 2024 injunction, or, if Defendants have not complied within 60 days from the date that this order is filed, Plaintiff is directed to file a status report.

The Clerk of Court shall serve a copy of this opinion on Defendants at: Emil Maftei, M Brothers Transport LLC, 20151 SE Highway 212, Boring, OR 97009; Emil Maftei, M Brothers Transport LLC, 4061 SW Brixton Ave., Gresham, OR 97080; and emil@mbrotherstransport.com.

IT IS SO ORDERED.

DATED this 21st day of February 2025.

_____
AMY M. BAGGIO
United States District Judge

3 – OPINION AND ORDER