IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BMO HARRIS BANK N.A., | Case No. 3:23-cv-01221-SB |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| M BROTHERS TRANSPORT LLC and EMIL MAFTEI, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff BMO Harris Bank N.A. ("Plaintiff") filed this action alleging claims for breach of contract, claim and delivery, specific performance, and injunctive relief against Defendants M Brothers Transport LLC ("M Brothers Transport") and Emil Maftei ("Maftei") (together, "Defendants"). On May 2, 2024, the Court entered a preliminary injunction ordering Defendants to, *inter alia*, surrender collateral in its possession, custody, or control (Op. & Order ("Injunction"), ECF No. 14), but to date Defendants have failed to comply with the Injunction. (*See* Pl.'s Mot. Att'y Fees ("Pl.'s Mot.") at 1, ECF No. 29.) The Court held Defendants in civil contempt of court for failing to comply with the Injunction, and "award[ed] Plaintiff its

PAGE 1 – FINDINGS AND RECOMMENDATION

reasonable attorney's fees and costs incurred to seek Defendants' compliance with the injunction." (*See* Op. & Order at 3, ECF No. 28.)

On March 7, 2025, Plaintiff filed a Motion for Attorney Fees, seeking $7,873.50 in attorney's fees and $261.95 in costs. (*See* Pl.'s Mot. at 2.) Defendants did not file a response to Plaintiff's motion, and the Court took the motion under advisement on March 24, 2025. (*See* Order, ECF No. 33.) For the reasons discussed below, the Court recommends that the district judge grant Plaintiff's motion.

## DISCUSSION

In a previous order, the Court ordered Plaintiff to file a "separate motion for attorney's fees and costs along with a supporting declaration that breaks down in table format the hours and fees incurred by all relevant billing professionals." (Order at 3, ECF No. 28.) Pursuant to that order, Plaintiff filed the current motion and related declarations seeking attorney's fees for three attorneys: Aaron B. Chapin ("Chapin") and Jonathan Golding ("Golding") of Husch Blackwell LLP in Chicago, Illinois, and Cruz Turcott ("Turcott") of Sapient Law in Portland, Oregon. (*See* Decl. Aaron B. Chapin ("Chapin Decl."), ECF No. 30; Decl. Cruz Turcott ("Turcott Decl."), ECF No. 31.)

### I.    APPLICABLE LAW

"The district court may award attorney fees as a sanction for civil contempt." *Reg'l Loc. Union Nos. 846 & 847 v. LRSI, LLC*, No. 3:22-cv-01473-HZ, 2023 WL 5432528, at *1 (D. Or. Aug. 22, 2023) (citing *Harcourt Brace Jovanovich Legal & Pro. Publ'ns, Inc. v. Multistate Legal Stud., Inc.*, 26 F.3d 948, 953 (9th Cir. 1994)). "If the party bringing and prosecuting contempt proceedings prevails, that party may recover its costs and fees incurred in so doing." *Id.* (citing *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 958 (9th Cir. 2014)).

PAGE 2 – FINDINGS AND RECOMMENDATION

"In general, when reviewing a motion for attorney fees, the district court must determine what fee is reasonable." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "To do so, the court should calculate 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Id.* (quoting *Hensley*, 461 U.S. at 433) (citation omitted). "There is a 'strong presumption' that this figure represents a reasonable fee." *Id.* (quoting *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987)). "The prevailing market rate in the community is indicative of a reasonable hourly rate." *Id.* (quoting *Jordan*, 815 F.2d at 1262). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Id.* (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008)).

## II.    ANALYSIS

### A.    Reasonableness of Requested Hours

Plaintiff requests compensation for 15.2 hours of Golding's time, 1.6 hours of Chapin's time, and 6.5 hours of Turcott's time. (*See* Chapin Decl. ¶ 11; Turcott Decl. ¶ 9.) Chapin and Golding serve as national counsel for Plaintiff, and engaged Turcott to act as local counsel for this matter. (*See* Chapin Decl. ¶¶ 2, 4.)

The Court finds that the requested hours are reasonable. Golding's billed time covered drafting the motion for an order to show cause (ECF No. 28), and correspondence with Plaintiff and local counsel. (*See* Chapin Decl. Sched. 1.) Chapin's time included strategy decisions and editing related to the motion for an order to show cause. (*Id.*) Turcott's time covered reviewing and finalizing filings with the Court, correspondence between Plaintiff and national counsel relating to court filings, and communication with the process server regarding attempts to serve Defendants. (*See* Turcott Decl. Sched. 2.) The hours are not excessive, and the work described was reasonably necessary to address Defendant's noncompliance with the Injunction. *See, e.g.*,

PAGE 3 – FINDINGS AND RECOMMENDATION

*Reg'l Loc. Union Nos. 846 & 847,* 2023 WL 5432528, at *1-2 (finding that the requested hours incurred to file a motion for contempt were reasonable and awarding attorney's fees in the requested amount).

### B.     Reasonableness of Requested Rates

Plaintiff requests hourly rates of $375 for Golding, $445 for Chapin, and $225 for Turcott. (*See* Chapin Decl. ¶ 11; Turcott Decl. ¶ 9.) Golding "has been practicing in commercial litigation related to financial transactions for more than ten years." (Chapin Decl. ¶ 11.) Chapin has been "practicing in the area of commercial litigation related to financial transactions for more than sixteen years." (*Id.*) Turcott has "been practicing in the area of commercial litigation related to financial transactions for more than six years." (Turcott Decl. ¶ 9.) Each of the three requested hourly rates are at or below the mean hourly rate for plaintiffs' civil litigation attorneys at the respective attorney's experience level in Portland, Oregon. *See* 2022 OSB Economic Survey, available at https://perma.cc/6U3P-MRPP (last visited May 14, 2025). In light of these metrics, the Court finds that the requested hourly billable rates are reasonable. *See* LR 54-3(a) (providing a "Practice Tip" on fee motions and noting that "[a]s for the reasonable hourly rate, the Court uses the most recent [OSB] Economic Survey as its initial benchmark"); *see also Reg'l Loc. Union Nos. 846 & 847,* 2023 WL 5432528, at *2 (relying on the OSB Economic Survey to determine that the requested rates of counsel who prepared a motion for contempt were reasonable and awarding attorney's fees in the requested amount); *cf. Wentz v. Progressive Direct Ins. Co.*, No. 3:21-cv-00473-MO, 2022 WL 1516261, at *3 (D. Or. May 13, 2022) (approving hourly rate higher than the median rate in the 2017 OSB Economic Survey and noting that although "counsel's rates are higher than those medians, that discrepancy is largely explained by the economic inflation of the past few years").

///

PAGE 4 – FINDINGS AND RECOMMENDATION

### C. Reasonableness of Requested Costs

Plaintiff requests costs in the amount of $261.95 associated with a process server. (*See* Turcott Decl. ¶ 9.) Courts routinely award service-related costs. *See, e.g.*, *Alflex Corp. v. Underwriters Lab'ys, Inc.*, 914 F.2d 175, 176 (9th Cir. 1990) ("We also hold that private process servers' fees are properly taxed as costs."); *Reg'l Loc. Union Nos. 846 & 847 v. LRSI, LLC*, No. 3:22-cv-01473-HZ, 2024 WL 3717512, at *1 (D. Or. Aug. 7, 2024) (awarding the plaintiffs $236 in process server fees). Accordingly, the Court finds that the requested costs are both recoverable and reasonable, and recommends that the district judge award Plaintiff $261.95 in costs.

## CONCLUSION

For the reasons stated, the Court recommends that the district judge GRANT Plaintiff's motion for attorney fees (ECF No. 29), award Plaintiff its reasonable attorney's fees and costs incurred to seek Defendants' compliance with the Injunction in the amount of $7,873.50 for fees and $261.95 for costs, and grant leave to allow Plaintiff to file a supplemental motion for any fees and costs incurred but not yet billed to Plaintiff.

## SCHEDULING ORDER

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due within fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 14th day of May, 2025.

*/s/ Stacie F. Beckerman*
HON. STACIE F. BECKERMAN
United States Magistrate Judge